<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>
File Name: 18a0462n.06

Nos. 16-6655/6657

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| **Plaintiff-Appellee**, | ) | Sep 06, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RICKY ANTHONY LANIER; KATRINA | ) | TENNESSEE |
| RESHINA LANIER, | ) | |
| | ) | |
| **Defendants-Appellants**. | ) | |

O R D E R

**Before: MOORE, STRANCH, and DONALD, Circuit Judges.**

Following a jury trial in 2015, Ricky and Katrina Lanier were convicted of multiple counts of conspiracy, wire fraud, and major fraud against the United States. *United States v. Lanier*, 870 F.3d 546, 548 (6th Cir. 2017). They appealed their convictions, arguing that the district court abused its discretion by failing to conduct a *Remmer* hearing after learning that a juror ("Juror 11") had initiated extraneous communications with a state prosecutor during their trial. *Id.* at 547. We agreed. In September 2017, we vacated the Laniers' convictions and remanded the case to the district court for a *Remmer* hearing to determine whether any external influence affected the jury's deliberations. *Id.* at 551. We retained jurisdiction over the case. *Id.*

Following our remand, the district court scheduled the *Remmer* hearing for January 11, 2018 and ordered the jurors to appear. Feb. 15, 2018 CA6 Order at 1. The district court further

ordered the jurors, inter alia, to refrain from discussing the case with anyone or to seek out information about the case. *Id.* at 1–2. Before the hearing, Teresa Nelson—the state prosecutor who had been illicitly contacted during the trial—informed the Clerk's Office for the district court that Juror 11 had again texted her about the case. R. 396 (7/17/18 Dist. Ct. Op. 1 at 2) (Page ID #7431). The defendants did not learn about this prohibited communication until the hearing, when testimony revealed that Juror 11 had violated the district court's orders. Feb. 15, 2018 CA6 Order at 1–2. Following that January 11 hearing, the Laniers moved the district court for permission to issue a subpoena and order Juror 11 to produce all the text messages and browsing history that the district court had orally ordered her to preserve. *Id.* at 2. After the district court denied the Laniers' motion, they filed an emergency motion to compel or, in the alternative, a petition for a writ of mandamus before this court. *Id.* at 3. We denied their motion because, in the interim, the district court ordered Juror 11 to produce the requested data. *Id.* at 3–4.

Juror 11 produced her computer and cellphone on February 16, 2018. R. 396 (7/17/18 Dist. Ct. Op. 1 at 4) (Page ID #7433). At that time, an IT staff member of the district court—not a forensic examiner—retrieved text messages and search history from Juror 11's cellphone and computer.[1] *Id.* Apparently Juror 11's search history dated back to February 7, 2018 only, even though she had been ordered to preserve her browsing history on January 11. *Id.* The Laniers

---

[1] The staff member testified at a later hearing that he had no training in conducting a forensic exam and had never been asked to do one before. R. 384 (4/11/18 Hr'g Tr. at 10) (Page ID #7340). In his search of Juror 11's cellphone, he simply used the basic search functions on the cellphone itself and took screenshots of the responsive messages and browsing history. *Id.* at 11–12 (Page ID #7341–42). The staff member did not know whether the built-in search function on the device provided a set of comprehensive results. *Id.* at 12 (Page ID #7342). Furthermore, because the staff member merely took screenshots, his search produced static images that contain none of the underlying metadata. *Id.* at 12–17 (Page ID #7342–47). Thus, for example, if the search produced a message from Juror 11 to a person listed as "Teresa" and the staff member took a screenshot that shows both the message and the recipient in the same image, there is no way for the parties to determine what phone number is associated with the name "Teresa." *See id.* at 12–13 (Page ID #7342–43).

moved for a forensic examination of Juror 11's computer and, upon finding out about the haphazardness of the process by which Juror 11's cellphone was searched, for a forensic examination of her cellphone as well. *Id.* at 4–5 (Page ID #7433–34). The government opposed only the forensic search of Juror 11's cellphone. *Id.* at 5 (Page ID #7434).

The district court granted the Laniers' motion for a forensic examination of Juror 11's computer, but denied their motion with respect to Juror 11's cellphone. R. 377 (4/26/18 Dist. Ct. Op. at 1) (Page ID #7178) (sealed). In doing so, it rejected, without explanation, the defendants' concerns that the process by which the IT staff member had taken screenshots of Juror 11's cellphone did not capture all of the relevant data. *Id.* at 3 (Page ID #7180); *see also* R. 384 (4/11/18 Hr'g Tr. at 21–22) (Page ID #7351–52).

The defendants also filed a notice of their proposed search parameters for the forensic examination of Juror 11's computer, without objection from the government. R. 396 (7/17/18 Dist. Ct. Op. 1 at 6) (Page ID #7435). The district court then communicated **ex parte** with the court-appointed forensic examiner—the district court denied the defendants' request to hire their own expert, R. 384 (4/11/18 Hr'g Tr. at 32) (Page ID #7362)—and set its own search parameters. R. 396 (7/17/18 Dist. Ct. Op. 1 at 7) (Page ID #7436). After the Laniers learned about these communications, through the expert's billing records, they moved the district court to recuse itself. R. 387 (Renewed Mot. for Recusal) (Page ID #7378–92). The district court denied the motion. R. 396 (7/17/18 Dist. Ct. Op. 1 at 25) (Page ID #7454). The Laniers also moved the district court to reconsider its order regarding the forensic examination of Juror 11's cellphone and computer. *See* R. 398 (7/17/18 Dist. Ct. Op. 3 at 1) (Page ID #7461). The district court denied, without explanation, the Laniers' motion with respect to Juror 11's cellphone. *Id.* It granted the motion in part, ordering a hearing in which the court-appointed forensic expert would testify. *Id.* That

hearing is scheduled for September 14, 2018. *Id.*; R. 407 (8/9/18 Dist. Ct. Op. at 13) (Page ID #7752).

The Laniers have now petitioned this court for a writ of mandamus to compel the district court to recuse itself. Jt. Pet. for Mandamus at 1.

A petition for mandamus is an appropriate procedure by which to obtain relief in "circumstances involving alleged conflict of interest and/or appearance of impropriety under [§ 28 U.S.C.] § 455[(a)]," *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990) (en banc), and "the petitioner alleges that delay will cause irreparable harm," *Mischler v. Bevin*, 887 F.3d 271, 272 (6th Cir. 2018). We review a district court's denial of a motion to recuse for abuse of discretion. *In re Aetna Cas. & Sur. Co.*, 919 F.2d at 1143. In addition to this deferential standard of review, a writ of mandamus is a "drastic" remedy that should be reserved for "extraordinary situations" in which "the petitioner can show a clear and indisputable right to the relief sought." *In re Surapaneni*, 14 F. App'x 334, 336 (6th Cir. 2001) (quoting *In re Am. President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order)); *see also* 16 Charles Alan Wright & Arthur Miller, FEDERAL PRACTICE & PROCEDURE § 3935.5 (3d ed. April 2018 update).

"Under § 455(a), a recusal is required when a reasonable person would harbor doubts about the judge's impartiality." *In re Aetna Cas. & Sur. Co.*, 919 F.2d at 1143 (quoting *Moody v. Simmons*, 858 F.2d 137, 142 (3d Cir. 1988)). "Recusal is mandated . . . only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted).

"A judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley v. Gagacki*, 834 F.3d 606, 616

(6th Cir. 2016). "The words [prejudice or bias] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possesses . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994).

There are three actions taken by the district court on remand that are troubling. First, the district court did not directly reveal to the parties that Juror 11 had violated its order and communicated with Nelson until this was fortuitously revealed during the *Remmer* hearing. Second, the district court has denied the defendants an adequate search of Juror 11's cellphone without an adequate explanation. This is the device that Juror 11 used to violate the district court's order to refrain from communicating with others about the hearing. Furthermore, Juror 11 may have used the web browser on her cellphone to conduct outside research, as opposed to her computer's web browsers. Third, the district court restricted the defendants' search parameters for the forensic examination of Juror 11's computer—which were uncontested by the government—after the district court communicated ex parte with the court-appointed expert.[2]

As we have previously noted, the Laniers must be provided a "meaningful opportunity" to investigate and prove their claim of extraneous influence. Feb. 15, 2018 CA6 Order at 4.

> Evidence that Juror 11 failed to comply with the district court's order prior to the *Remmer* hearing, conducted prohibited outside research, and then testified untruthfully about her actions would be particularly probative of determining the credibility of her testimony that she did not conduct herself similarly during the trial itself, and thus whether external influence affected the jury's deliberations.

*Id.* Because of the nature of the discovery that the Laniers seek—the relevant electronic data can be deliberately erased or will disappear over time, R. 357-1 (KempVanEe Aff. at ¶¶ 2–5) (Page ID

---

[2] The district court is currently in the process of reconsidering these limitations and will hold a hearing on this issue. R. 407 (8/9/18 Dist. Ct. Op. at 13) (Page ID #7752).

#7126–27) (sealed)—failure to manage factfinding properly at this stage may permanently prejudice the Laniers' ability to prove their claim. *Cf. In re Jones*, 680 F.3d 640, 642 (6th Cir 2012) ("Mandamus is 'generally reserved for questions of unusual importance *necessary to the economical and efficient administration of justice . . . .*'" (emphasis added) (quoting *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008)).

But the Laniers are not seeking relief from the district court's decisions regarding discovery. *Cf. John B.*, 531 F.3d at 456 (granting petitioners mandamus relief from portions of a district court's discovery orders). Instead, the Laniers wish for us to order the district court to recuse itself. Jt. Pet. for Mandamus at 1. And although we are troubled by the district court's decisions on remand, these actions do not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Without such a showing the Laniers cannot demonstrate that they have "a clear and indisputable right to the [extraordinary] relief sought." *In re Surapaneni*, 14 F. App'x at 336 (quoting *In re Am. President Lines, Ltd.*, 929 F.2d at 227).

This is not to say, however, that the Laniers' objections to the district court's decisions are without merit. As the parties continue to litigate the Laniers' claim of extraneous influence on the jury, ex parte communications should be avoided. If any such communications do occur—if, for example, one of the witnesses again reaches out to the district court without prompting—the district court should endeavor to disclose, as appropriate, the ex parte communication to the parties as soon as possible. Moreover, decisions made by the district court in reliance on any undisclosed ex parte communications are inappropriate. *Cf. United States v. Hayes*, 171 F.3d 389, 390–91 (6th Cir. 1999) (holding that it was plain error for the district court to base its sentencing decision on undisclosed ex parte communications from victims of the defendant's crime). Further, the cursory

nature of the district court's current orders regarding its denial of a forensic examination of Juror 11's cellphone is problematic because, if there is an appeal following the district court's final decision, such cursory orders would not allow us to conduct a sufficient appellate review. *See Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 882–83 (6th Cir. 2016) (holding that it is an abuse of discretion when a district court fails to provide an adequate explanation and that such a failure requires a remand); *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 929 (6th Cir. 2007) (collecting cases in which courts of appeal have vacated and remanded for more detailed explanations "when confronted with . . . cursory district court orders," which prohibited appellate review). Thus, the district court should endeavor to provide an adequate explanation for all of its decisions.

In accordance with our foregoing explanation, we **DENY** the Laniers' petition for a writ of mandamus.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk